IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cr-30178-MJR |
| ) | |
| FONTEZ LAMONT COMBS, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION

REAGAN, District Judge:

Charged via November 18, 2009 indictment with being a felon in possession of a firearm, Fontez Combs initially appeared and pled not guilty before Magistrate Judge Donald G. Wilkerson on December 16, 2009. Combs was represented by the Federal Public Defender's Office for that appearance and arraignment. Trial was scheduled for March 8, 2010 and a standard Pretrial Order was entered (Doc. 8).

The Pretrial Order set a deadline for discovery-related motions and a separate deadline for all other motions. As to non-discovery motions (including motions to suppress evidence), the deadline was 21 days from arraignment (or January 7, 2010). On January 26, 2010, retained attorneys entered on Combs' behalf. The Assistant Federal Public Defender moved to withdraw as defense counsel shortly thereafter.

The Court entered an Order February 10, 2010 granting the FPD's motion to withdraw (based on the January 26th entry of appearance by retained counsel). The February 10th Order reminded all parties that trial remained set for March 8th and

suggested that if newly-entered counsel required additional time to investigate or prepare the case, they should file an appropriate motion as soon as possible (Doc. 19).  Defense counsel immediately moved to *continue the trial* but took no steps either before or after the February 10th Order) to extend the deadline for *filing motions*.  The Court granted the motion to continue trial (moving it to May 10, 2010).

On May 3, 2010, defense counsel sought a second trial continuance.  The Court granted that motion on May 4, 2010 with a detailed Order that specifically cautioned that although trial was being continued to September 20, 2010, "the deadline for suppression motions elapsed months ago, and to date no extension of that deadline has been secured" (Doc. 25 p. 3).  The Order further explained that defense counsel could not just "file a suppression motion at this point" (*id.*); they first must move to extend the long-expired deadline for such motions.  That directive was clear and simple.

Two and a half months passed without any action or attempt to secure a continuance of the motion deadline.  On July 16, 2010, *without* first seeking an extension of the motion-filing deadline, defense counsel moved to suppress evidence (Doc. 29).  That motion comes six months too late (and was not preceded by any request for leave to extend the deadline).

After current counsel entered the case, the Court provided ample opportunity, subtle hints, and finally a blunt invitation (the May 4, 2010 Order) to seek an extension of the motion deadline. Defense counsel ignored multiple warnings, suggestions

and instructions about how to properly file a suppression motion herein.[1] The Court cannot practice law for counsel (who are seasoned and able). The undersigned Judge could do nothing more than he did here to illuminate the path to properly filing a suppression motion in this case.

The Court now **DENIES** Defendant's "First Motion to Suppress Evidence" (Doc. 29). The deadline for that motion elapsed in January 2010, defense counsel were advised in plain terms in a written Order to move quickly if they wanted to obtain an extension of that deadline, defense counsel failed to do so, this case is eight months old, trial (which was continued several times) will commence in eight weeks, and no further extensions of motion deadlines or the trial setting will be granted.

IT IS SO ORDERED.

DATED July 19, 2010.

                                              s/Michael J. Reagan
                                              Michael J. Reagan
                                              United States District Court

---

[1] Unfortunately, this does not appear to be an isolated event. In other recent cases before the undersigned Judge, the same counsel have allowed a key motion deadline to elapse then – *months belatedly* – moved to file the critical motion "out of time." *See, e.g., USA v. Hill*, 09-cr-30116 (October 8, 2009 entry of appearance and May 17, 2010 motion for leave to file pretrial motions out of time).